YOUNG *v.* CITY OF TOLEDO.

(Decided February 16, 1931.)

*Mr. James Harrington Boyd,* for plaintiff in error.

*Mr. Martin S. Dodd,* director of law, and *Mr. Dudley F. Smith,* for defendant in error.

WILLIAMS, J. Without a written opinion this court has previously entered a judgment reversing the judgment of the court of common pleas in this case upon the ground that the verdict was manifestly against the weight of the evidence. The defendant in error has filed an application for rehearing, prepared apparently with painstaking care, and in view of the fact that a number of similar cases are pending in the court below and awaiting trial we think we should point out a matter of some importance appearing in the record.

The action was one to recover damages for change of grade, and upon trial certain expert witnesses called by the city of Toledo, the defendant below, testified that in determining the question of value they had taken into consideration the benefits which accrued to the property from the improvement.

Where damages are caused to abutting property by a change of grade of street, there is a taking of the property *pro tanto*. Under the provisions of Section 19, Article I, and Section 5, Article XIII, of the Constitution of Ohio, in determining compensation for property taken under appropriation proceedings, no deduction can be made for benefits. *Giesy* v. *Cincinnati, Wilmington & Zanesville Rd. Co.*, 4 Ohio St., 308; *State, ex rel. Shafer,* v. *Otter, County Surveyor,* 106 Ohio St., 415, 427, 140 N. E., 399.

The Supreme Court of Ohio, however, has made a distinction between general and special benefits. *Little Miami Rd. Co.* v. *Collett,* 6 Ohio St., 182.

The record affirmatively shows that a special assessment according to benefits was made upon the property of the plaintiff below and of other abutting

owners to cover the cost of the improvement in question. Had the question been properly saved, the admission of such evidence as to value, taking into consideration the benefits, would have constituted reversible error. In weighing the evidence, this court was led to the conclusion reached, in large part, by the state of the record in this respect.

We have made careful examination of *Gohman* v. *City of St. Bernard,* 111 Ohio St., 726, 146 N. E., 291, 41 A. L. R., 1057, in which the rule as to measure of damages is laid down. There is nothing in the opinion in that case which would indicate that where an assessment for an improvement has been made against the property according to benefits, such benefits can be taken into consideration again in determining the amount of damages to be awarded in an action for damages for change of grade. It must be borne in mind that the jury, under the instructions and the evidence adduced in the instant case, may have reached the conclusion that no damages resulted from change of grade because of the benefits accruing to the property from the improvement.

*Application for rehearing denied.*

RICHARDS, J., concurs.
LLOYD, J., not participating.